IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., | |
| Plaintiff, | CIVIL ACTION |
| vs. | NO. 1:11-CV-1366-RLV |
| JAMES QUINN, M.D., | |
| Defendant. | |

## ANSWER AND COUNTERCLAIM OF JAMES QUINN, M.D.

COMES NOW JAMES QUINN, M.D., named as the Defendant in this action, and, **for Answer**, shows this Court the following:

### FIRST DEFENSE

Necessary parties needed for adjudication of this case are absent. Specifically, Chemence Medical, Inc. and Chemence, Inc. should be parties to this action. Plaintiff Chemence Medical Products, Inc. was not a party to the written agreement out of which this cause of action arises, but has made payments to Defendant pursuant to the Agreement as has Chemence, Inc.

1

## SECOND DEFENSE

Subject to and without waiving all the defenses to which Defendant is entitled to include those stated in this response, Defendant answers the numbered paragraphs of the Complaint as follows:

## THE PARTIES

1.

Answering Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph.

2.

Answering Paragraph 2 of the Complaint, Defendant admits that he is a permanent resident of the United States and resides in the State of California, but denies all remaining allegations contained in the paragraph.

## JURISDICTION AND VENUE

3.

Paragraph 3 of the Complaint is admitted. Further responding, however, Defendant shows that parties necessary for full and just resolution of this matter

are not before the Court, and should be added before a declaratory judgment is issued.

4.

Answering Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph.

5.

Answering Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph.

6.

Answering Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph. As shown in this Defendant's response to Paragraph 2 of the Complaint, he is a resident of the State of California but cannot answer as to the citizenship of Plaintiff.

7.

Paragraph 7 of the Complaint is admitted.

8.

Answering Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph. If venue is proper in this District, it would be pursuant to 28 U.S.C. §§ 1391(a), not 1391(b) as asserted in the Paragraph.

## **FACTS**

9.

Answering Paragraph 9 of the Complaint, Defendant admits the allegations therein except to deny that the cyanoacrylates (CA) are correctly described as super glues when used for medical purposes. Defendant denies that and further answers to show that the "CA" are properly described as tissue adhesives in this matter.

10.

Defendant admits that he is a medical doctor who has worked with and consulted for businesses in the field of tissue adhesives but denies any and all other allegations contained in Paragraph 10.

## I.     The Agreement.

11.

Paragraph 11 of the Complaint is denied. Further responding, Defendant admits that he entered into the subject Agreement with Chemence Medical, Inc., an affiliate of Plaintiff.

12.

Answering Paragraph 12 of the Complaint, Defendant shows that the terms of the Agreement speak for themselves and that no further response to the allegations contained in the paragraph is required. Should additional response be deemed necessary, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph. Defendant further answers to show that, regardless of when the Agreement may have expired, the obligations of Plaintiffs and its affiliates to pay Defendant commissions continues and will continue until sometime in the future.

13.

Answering Paragraph 13 of the Complaint, Defendant admits that the same or similar language contained in the paragraph is to be found in the section alleged but further answers to show that the terms of the Agreement speak for themselves

and that the referenced section contains additional provisions pertinent to "services" which are not contained in Paragraph 13. Further responding, Defendant notes that the Agreement was between Chemence Medical, Inc. and himself.

14.

Answering Paragraph 14 of the Complaint, Defendant admits that the same or similar language contained in the paragraph is to be found in the section alleged but further answers to show that the times of the Agreement speak for themselves and that the referenced section contains additional provisions pertinent to "services" which are not contained in Paragraph 14. Further responding, Defendant notes that the Agreement was between Chemence Medical, Inc. and himself.

15.

Answering Paragraph 15 of the Complaint, the Agreement speaks for itself. Subject to that, Defendant admits only that the language in the Paragraph is contained in the Agreement. Further responding, Defendant notes that the Agreement was between Chemence Medical, Inc. and himself, and but admits that

Plaintiff and other affiliates have made payments to him pursuant to the Agreement.

16.

Answering Paragraph 16 of the Complaint, the Agreement and its various terms speak for themselves. Defendant admits that language similar to that alleged does appear in the Agreement.

17.

Answering Paragraph 17 of the Complaint, Defendant admits only that the Agreement speaks for itself and that he is without knowledge or information sufficient to form a belief as to the truthfulness of whether Plaintiff's summary of the Agreement provisions is correct.

18.

Answering Paragraph 18 of the Complaint, Defendant admits that similar language is contained in the Agreement but denies that the Agreement expired three years after its origination.

19.

Paragraph 19 of the Complaint is denied.

20.

Answering Paragraph 20 of the Complaint, Defendant admits the allegations contained in the paragraph but denies that those products named are all inclusive of the products on which Defendant is or will be entitled to commissions in accordance with the Agreement.

21.

Paragraph 21 of the Complaint, as stated, is denied.

22.

Answering Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph.

23.

Answering Paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph.

24.

Paragraph 24 of the Complaint is denied.

25.

Paragraph 25 of the Complaint is denied.

26.

Paragraph 26 of the Complaint is admitted.

27.

Paragraph 27 of the Complaint, as stated, is denied. Defendant admits that he has been paid $4,000.00 per month by Chemence Medical Products, Inc. and/or its affiliated companies ("Chemence") from February 1, 2004 through March 31st, 2011.

28.

Answering Paragraph 28 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the paragraph.

29.

Paragraph 29 of the Complaint, as stated, is denied. Defendant admits that he is or will be due commissions in 2011 and for some years subsequent to 2011 and that he may be due commissions on sales made previous to 2011.

30.

Paragraph 30 of the Complaint is denied.

31.

Paragraph 31 of the Complaint is denied.

32.

Answering Paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of what Plaintiff is seeking in this declaratory judgment but denies that resolution of the two items enumerated in the paragraph will be sufficient to determine the obligations of Chemence and Defendant under the Agreement.

33.

Paragraph 33 of the Complaint is admitted.

34.

Answering Paragraph 34 of the Complaint, Defendant admits the allegations contained in the paragraph, provided this Court makes such a determination regarding all pertinent terms and issues involved.  Defendant also shows that parties necessary to the full adjudication of this action are absent.

35.

Paragraph 35 of the Complaint is admitted. Defendant also shows that parties necessary to the full adjudication of this action are absent.

36.

Paragraph 36 of the Complaint is admitted. Defendant also shows that parties necessary to the full adjudication of this action are absent.

### THIRD DEFENSE

Plaintiff's Complaint does not set out all pertinent issues which will be before this Court, all of which must be resolved by this Court in order for there to be a determination of the obligations of Chemence and Defendant.

### FOURTH DEFENSE

Defendant is entitled to commissions to be calculated for each product on which he is entitled commissions in accordance with the subject Agreement and subsequent agreements, and not in the manner suggested by Plaintiff.

### FIFTH DEFENSE

Defendant is entitled to commissions for each of at least seven (7) products for which he provided consulting services. He is entitled to commissions for the

lessor of each product's respective commercial life, or ten (10) years from the dates on which each respective product became commercially marketable.

**WHEREFORE**,

(1) Defendant denies that Plaintiff is entitled to the declaration it requests "in accordance with generally accepted accounting principles" or on any other basis not stated in the Agreement;

(2) Defendant respectfully requests that all parties necessary to the adjudication of this action be added hereto;

(3) Defendant respectfully requests a declaration of his rights related to commissions under the Agreement consistent with the above, with the terms of the Agreement, and with the evidence presented to the Court; and

(2) Defendant requests that he be awarded costs of this action, including reasonable attorney's fees and such other relief as this Court may deem proper.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant JAMES QUINN, M.D. ("Quinn") hereby states his Counterclaim for Declaratory Judgment against Chemence Medical Products, Inc. ("Chemence") as follows:

1.

As provided and stated in the Complaint for Declaratory Judgment brought by Chemence, this Court is empowered to render a declaratory judgment in this case, has personal jurisdiction over Chemence which has submitted to the jurisdiction of this Court, and has jurisdiction over the subject matter pursuant to Chemence having initiated its action.

2.

Quinn is a resident of the State of California, and Chemence has alleged that its state of incorporation is Ohio and its principal place of business is in the State of Georgia. The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.00.

3.

The Agreement identified in the Chemence Complaint for Declaratory Judgment is attached as Exhibit "A" to this Counterclaim.

4.

That Agreement contains at Article 8 a non-compete provision.

5.

The claims and assertions made by Chemence in its declaratory action have caused Quinn concern that similar assertions could be made regarding the non-compete provision. Quinn is in a state of uncertainty regarding the enforceability of the non-compete provision. Consequently, Quinn asks the Court to determine whether, under Georgia law, the non-compete provision is reasonable and enforceable.

6.

The non-compete provision is not reasonable and enforceable because it does not define a territory (geographic limitation in which it is to apply).

7.

Because the non-compete provision restricts Quinn from working with any customer of Chemence, without regard to whether there had been any contact between Quinn and such customer, the non-compete provision is unenforceable.

8.

Because the non-compete provision purports to restrict Quinn from working with any customers Chemence "is contemplating doing business or sales with," it is overly broad and unenforceable.

9.

Because it could be asserted that this non-compete provision could extend for upwards of ten (10) years, it is overly broad and unenforceable.

Wherefore, Quinn respectfully requests that the Court issue a declaratory judgment, holding as a matter of law that the non-compete provision in the Agreement is unenforceable. Quinn further requests that the Court grant him such other relief as the Court deems just and proper.

This 13th day of June, 2011.

**OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

/s/W. Seaborn Jones
W. Seaborn Jones
Georgia State Bar No.: 404200
Roger E. Harris
Georgia State Bar No.: 331302
/s/Derrick L. Bingham
Derrick L. Bingham
Georgia State Bar No. 141217

15

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, GA  30309
Telephone: (404) 688-2600
Facsimile: (404) 525-4347

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **ANSWER AND COUNTERCLAIM OF JAMES QUINN, M.D.** on all parties by depositing a copy of same in the United States Mail, with sufficient postage attached thereto to ensure delivery and properly addressed as follows:

> Robert D. Wilson, Esq.
> ROBERT D. WILSON CO., L.P.A.
> 16716 Chillicothe Road, Suite 100
> Chagrin Falls, OH  44023-4529

This 13th day of June, 2011.

                              **OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

                              /s/Derrick L. Bingham
                              W. Seaborn Jones
                              Georgia State Bar No.: 404200
                              Roger E. Harris
                              Georgia State Bar No.: 331302
                              Derrick L. Bingham
                              Georgia State Bar No. 141217

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, GA  30309
Telephone: (404) 688-2600
Facsimile: (404) 525-4347