UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | |
| Plaintiffs/Counterclaim-Defendants, | CIVIL ACTION NO. |
| v. | 1:11-CV-1366-CAP |
| JAMES QUINN, M.D., | |
| Defendant/Counterclaim-Plaintiff. | |

**O R D E R**

This matter comes before the court on the defendant/counter-claim plaintiff's ("the defendant") motion to exclude Robert Wilson as a fact witness [Doc. No. 314].

## I.  Background

On June 28, 2012, the defendant moved to disqualify Wilson as the plaintiffs' lead counsel on the grounds that he would likely be called as a necessary witness because he drafted and executed the agreements forming the bases of the plaintiffs' claims [Doc. No. 77 at 1]. In their response, the plaintiffs stated they "have no intention of calling [Wilson] as a witness in this case. Should that intention change, then Attorney Wilson will voluntarily withdraw and not try this case." [Doc. No. 80 at 12].

Subsequently, in their surreply, the plaintiffs took a firmer stance and stated, "Attorney Wilson is not a necessary witness and will not be called to testify by Plaintiffs." [Doc. No. 100 at 4]. In light of these representations, the court denied the defendant's motion to disqualify and allowed Wilson to continue to serve as lead counsel for the plaintiffs [Doc. No. 105].

On October 24, 2014, Wilson filed a notice of withdrawal [Doc. No. 305]; however, because this filing is not in compliance with Local Rule 83.1(E), the notice has no effect.[1] Three days later, on October 27, 2014, the plaintiffs supplemented their initial disclosures (which were originally filed July 15, 2011) to include Wilson as a witness since he "may have knowledge of the terms and negotiations of the Consulting Agreement with Defendant and the settlement agreement with Sapheon." [Doc. No. 307 at 7]. Pursuant to the joint deposition schedule, Wilson was deposed by the defendant on November 11, 2014 [Doc. Nos. 314, 321].

**II. Discussion**

The defendant argues that the plaintiffs' last-minute decision to add Wilson as a lay witness was consummated in bad faith. The defendant points out that the plaintiffs waited until the eve of the close of fact-witness

---

[1] The court notes that Wilson is permitted to seek withdrawal in compliance with the local rules. However, proper withdrawal from this matter will not alter the court's decision to exclude Wilson as a fact witness.

2

discovery to make the disclosure, despite knowing all along that Wilson would likely be called upon to testify. To underscore the alleged bad faith, the defendant notes the inconsistency between the plaintiffs' representations to the court during its defense of the earlier motion for disqualification and their position in defense to the instant motion to exclude. The defendant emphasizes that the plaintiffs have provided no reason for suddenly listing Wilson as a witness—nor could they since there have been no changes in the underlying facts concerning the disputed agreements. Moreover, since Wilson substantially participated in discovery and is thus privy to all information obtained therein (confidential or otherwise), the defendant asserts that Wilson is a "super-witness," possessing much more information than a mere lay witness.

On the other hand, the plaintiffs counter by asserting that they submitted their supplemental initial disclosures before the close of discovery and strictly complied with the court's joint deposition schedule; thus, according to the plaintiffs, they did not violate Rule 26(e) of the Federal Rules of Civil Procedure. But even if they violated this discovery rule, the plaintiffs argue that exclusion would be a drastic remedy because the defendant was not harmed or prejudiced by their disclosure of Wilson as a fact witness. The plaintiffs further maintain that Wilson is not a super-witness because (1) "the

person who reads (or even hears firsthand) the information from another witness, is not able to competently testify (in an admissible manner) as to that information[;] (2) deposition testimony is publicly available; and (3) the defendant "has not identified any 'Confidential' or 'Attorney's Eyes Only' documents Wilson may have seen in the course of his duties as an attorney that were generated from Defendant." [Doc. No. 325 at 10].

**A. Applicable Law**

A trial judge has broad discretion to control the course of discovery. *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984) (citations omitted). Procedurally, the discovery track is governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26(e)(1) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). If a party fails to provide the information required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R.

Civ. P. 37(c)(1). In other words, "Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26 violation." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Id.* (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

Moreover, the court must decide any preliminary question about whether proffered evidence is admissible. Fed. R. Evid. 104(a). Since the instant motion presents an issue regarding the admissibility of evidence that a party is likely to present at trial, the court remains mindful that Rule 403 of the Federal Rules of Evidence allows the court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403; *Soto v. Geico Indem. Co.*, No. 6:13-CV-181-Orl-40KRS, 2014 WL 3644247, at *1 (M.D. Fl. July 21, 2014). In deciding whether to "exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." Advisory Comm. Notes, Rule 403.

**B. Analysis**

Before the court determines whether exclusion under Rule 37 is appropriate, the court must decide whether the plaintiffs failed to disclose

5

information required under Rule 26(e)(1). In this case, the court concludes that the plaintiffs' tardy disclosure of Wilson as a fact witness was in contravention to Rule 26(e)(1).

There is no dispute that the plaintiffs disclosed their intention to call Wilson as a witness in their supplemental initial disclosures. There is also no dispute that said disclosure took place during discovery. Nevertheless, this revelation was neither a timely amendment to the plaintiffs' initial disclosures, nor was it a disclosure that was otherwise made known to the defendant during the discovery process.

The plaintiffs fail to mention (nor can the court discern) any reason for adding Wilson as a witness at this late hour in the litigation. The plaintiffs' only explanation is that Wilson "may have knowledge of the terms and negotiations of the Consulting Agreement with Defendant and the settlement agreement with Sapheon." But the plaintiffs have known that Wilson was instrumental in drafting these agreements from the beginning of this case. The plaintiffs knew, or at least should have known, that they would call Wilson as a witness when they contested the defendant's June 2012 motion to disqualify. Following the resolution of that motion, the plaintiffs certainly knew that the defendant was under the impression that Wilson would not be called as a witness and that the defendant's subsequent discovery requests

would be tailored around that understanding. *See* Advisory Comm. Notes, Rule 26(e) (stating that Rule 26(e) proscribes "knowing concealment by a party or attorney"). This misconception, of course, was generated by the plaintiffs' explicit representations that it would not designate Wilson as a witness and the omission of the same in their initial disclosures.[2] Moreover, the plaintiffs' designation of Wilson as a lay witness was not something that was made known to the defendant during the discovery process. *See* Fed. R. Civ. P. 26(e)(1)(A). Quite the opposite, the plaintiffs' discovery was produced and pursued by Wilson, which suggested that his continued participation in the case would preclude him from later serving as a witness. Accordingly, the plaintiffs had a duty under Rule 26(e)(1) to "timely" supplement their disclosures to include Wilson on their witness list. Fed. R. Civ. P. 26(e)(1)(A); *Hooker v. Fulton County*, No. 1:05-CV-982, 2006 WL 2617142, at *3 (N.D. Ga. Sept. 12, 2006) (stating that under Rule 26, a party must supplement its disclosures at appropriate intervals and must seasonably amend an incomplete or incorrect prior response) (internal quotations omitted). Nevertheless, it was not until October 27, 2014—nearly three years after producing their initial disclosures—that the plaintiffs decided to supplement

---

[2] Though the court ruled in the plaintiffs' favor as to the defendant's motion to disqualify, it did not relieve them of their duties under Rule 26(e).

7

their witness list. Although such disclosure occurred prior to the close of fact-witness discovery, in no way can such action be viewed as a timely amendment under Rule 26.

Because the plaintiffs failed to identify a witness as required by Rule 26(e), the plaintiffs are not allowed to use that witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). And again, the burden of establishing that a failure to disclose was substantially justified or harmless rests on the plaintiffs. *Mitchell*, 318 F. App'x at 825.

As noted above, the plaintiffs fail to show (or even argue) that their tardy disclosure was substantially justified. Instead, the plaintiffs contend that the defendant was not (nor will be) prejudiced by the addition of Wilson as a witness because the defendant had the opportunity to depose him during discovery, far in advance of the deadline for submitting summary judgment motions. The defendant, however, claims that this last-minute disclosure caused harm and unfair litigation advantage. For instance, the defendant claims that "it was not revealed until Wilson's deposition in November [2014] that he has not made any effort to determine [sic], now that he is a fact witness, what documents he has that are responsive to [the defendant's] requests for production of documents." [Doc. No. 333 at 3]. The defendant

8

argues that Wilson failed to produce responsive documents, "which he has tried to hide to the last moment as 'counsel.'" [*id.*].

It is widely known that "[c]ombining the roles of advocate and witness can prejudice the opposing party." *See* Ga. R. Prof. Conduct 3.7, Comment 1. There is also "great potential for juror confusion about which role the lawyer is serving during trial." *Clough v. Richelo*, 616 S.E.2d 888, 895 (Ga. Ct. App. 2005). Here, the court holds that not only should Wilson be barred from serving as a witness under Rule 37 but also that his testimony is preliminarily inadmissible under Rule 403 as the testimony's probative value is substantially outweighed by a danger of unfair prejudice and confusion. After all, despite Wilson's role in negotiating and drafting the agreements in dispute, the probative value of his testimony is diminished by his vested interest in this litigation, such that any remaining value of the evidence is substantially outweighed by the unfair prejudice pointed out by the defendant and the potential confusion stemming from Wilson's role as both advocate and witness—indeed, it was Wilson himself who took the defendant's deposition. Under these circumstances, the court is not convinced that a limiting instruction could adequately prevent such inherent unfairness.

## III. Conclusion

For these reasons, the defendant's motion to exclude Robert Wilson as a fact witness is hereby GRANTED [Doc. No. 314].

**SO ORDERED** this 30th day of December, 2014.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge
