UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:11-CV-1366-CAP |
| JAMES QUINN, | |
| Defendant. | |

# **O R D E R**

This action is before the court on the defendant's notice of objection to the plaintiffs' supplemental privilege log [Doc. No. 306].

## I. Introduction

At the court's direction, the plaintiffs provided to the defendant an updated privilege log regarding emails from Robert Wilson that the plaintiffs contend are privileged. Additionally, the plaintiffs were required to submit the emails to which the privilege was asserted to the court for in camera inspection. The court conducted the inspection with a focus on content and issued an order upholding the privilege as to all of the emails. Because the court issued its order prior to allowing the defendant to respond to the assertion of the privilege, the court allowed the defendant to file his response

via a notice of filing. The objections pertaining to the supplemental privilege log and the discoverability of the Wilson emails are addressed below.

## II. Analysis

The initial argument by the defendant is that because he is a recipient to every email listed in the privilege log and because he was an independent contractor and not an employee of the plaintiffs, the attorney-client privilege does not protect any of the emails listed in the log. As noted above, the court reviewed the content of every email listed in the privilege log and has subsequently undertaken an additional review. In the context of the legal advice and related discussion contained in these emails, the distinction between employee and independent contractor is not significant. Therefore, the inclusion of Quinn as a recipient of the emails listed in the supplemental privilege log does not alter the decision to uphold the claimed privilege.

Next, the defendant contends that many of the emails listed in the privilege log were sent to individuals outside the corporation and thus are not protected by the attorney-client privilege. The court's reviews of the emails at issue reveal that the content is unquestionably legal advice. Moreover, the legal advice provided is pertinent to each of the recipients and their role vis-à-vis the corporate clients. Accordingly, the inclusion of the individuals

identified by the defendant does not destroy the privilege asserted by the plaintiffs.

Finally, the defendant argues that because Wilson is corporate counsel for the plaintiff as well as general counsel, the content of a many of the emails may be business advice rather than legal advice. However, as set forth above, the court twice scrutinized the content of each email withheld pursuant to the privilege and finds no instances where Wilson has provided business rather than legal advice.

**III. Conclusion**

As set forth above, the court finds that the supplemental privilege log is sufficient and that attorney-client privilege has been properly asserted as to the documents identified in the log. Accordingly, the plaintiffs are not required to produce the documents contained in the supplemental privilege log to the defendant. The plaintiffs may retrieve the documents from chambers at their convenience.

S**O ORDERED** this 30th day of December, 2014.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge