# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, M.D., | ) ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## <u>DR. QUINN'S REQUESTS TO CHARGE</u>

Defendant and Counterclaim Plaintiff James Quinn, M.D., proposes that the

Court instruct the Jury in accordance with the attached Requests to Charge.

This the 4th day of January, 2016.

**OWEN, GLEATON, EGAN,
JONES & SWEENEY, LLP**

*/s/ M. Michael Egan*
M. Michael Egan
Georgia Bar No. 242050
egan@og-law.com

*/s/ Derrick L. Bingham*
Derrick L. Bingham
Georgia Bar No. 141217
Bingham@og-law.com

1

***Counsel for Dr. James Quinn***

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, GA  30309
T: (404) 688-2600
F: (404) 525-4347

## STATEMENT OF DR. QUINN'S CONTENTIONS

Dr. Quinn is entitled to commissions on the sales of various Chemence products for which Dr. Quinn provided consulting services—services which resulted in millions of dollars in sales by the Chemence entities. Dr. Quinn is owed commissions, to be calculated per the Consulting Agreement, for the first ten years of each product's commercial life. He is owed these commissions under the terms his original Consulting Agreement and under the terms of an oral agreement to continue under the Consulting Agreement after its initial expiration date.

Alternatively, Dr. Quinn would be entitled to damages under the doctrines of unjust enrichment, quantum meruit, and/or promissory estoppel. The Chemence entities are not entitled to retain the benefit of Dr. Quinn's efforts without compensating him as they expressly and implicitly promised to do.

On a few occasions following his resignation from Chemence, Dr. Quinn logged into his own Chemence email account and forwarded certain of his own emails to his web-based email account. He did this for the sole purpose of preserving important emails as evidence of the consulting services that he provided to Plaintiffs and supporting his entitlement for commissions. He has used them for no other purpose. The emails did not contain trade secrets, and he did not misappropriate any information contained therein.

3

# GENERAL CHARGES

Dr. Quinn lists below general charges that are of particular concern, plus he respectfully request that the Court give its usual charges, such as credibility of witnesses, the calling or not calling of witnesses, the like.

## DR. QUINN'S REQUEST TO CHARGE NO. 1

In this case it is the responsibility of the party bringing any claim to prove every essential part of his or its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for [the party defending against] that claim.

Judicial Council of the Eleventh Circuit, <u>Eleventh Circuit Civil Pattern Jury Instructions</u>, "3.7.1 – Responsibility for Proof—Plaintiff's Claims, Cross Claims, Counterclaims—Preponderance of the Evidence" (2013) (modified slightly as to bracketed language only).

## DR. QUINN'S REQUEST TO CHARGE NO. 2

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Judicial Council of the Eleventh Circuit, <u>Eleventh Circuit Civil Pattern Jury Instructions</u>, "3.4 – Credibility of Witnesses," (2013).**

## DR. QUINN'S REQUEST TO CHARGE NO. 3

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do some thing, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Judicial Council for the Eleventh Circuit, <u>Eleventh Circuit Civil Pattern Jury Instructions</u>, "3.5.1 – Impeachment of Witnesses Because of Inconsistent Statements," (2013).**

## DR. QUINN'S REQUEST TO CHARGE NO. 4

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Judicial Council for the Eleventh Circuit, <u>Eleventh Circuit Civil Pattern Jury Instructions (Civil Cases)</u>, "3.8.2 – Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue," (2013).**

# TRADE SECRETS CHARGES

## DR. QUINN'S REQUEST TO CHARGE NO. 5

To recover for misappropriation of trade secrets, Chemence must prove by a preponderance of the evidence that (1) it had a trade secret as defined by Georgia's Trade Secret Act; and (2) Dr. Quinn misappropriated that trade secret.

A trade secret is defined as information, without regard to form, including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information (1) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

While the information forming the basis of a trade secret can be transferred, its continuing secrecy provides the value, and any general disclosure destroys the value. As a consequence, one owns a trade secret when one knows of it, as long as it is a secret and remains a secret.

Misappropriation is defined as (1) the acquisition by improper means of a trade secret of another; or (2) the disclosure or use of the trade secret of another without express or implied consent.

**O.C.G.A. § 10-1-761(2)**

**O.C.G.A. § 10-1-761(4)**

***DTM Research, L.L.C. v. AT & T Corp.*, 245 F. 3d 327, 332 (4th Cir. 2001)**

***Putters v. Rmax Operating, LLC*, No. 1:13-CV-3382-TWT, 2014 WL 1466902 at \*3 (N.D. Ga. Apr. 15, 2014).**

**DR. QUINN'S REQUEST TO CHARGE NO. 6**

To find that the emails forwarded by Dr. Quinn contained trade secrets, you must find that they contained information not commonly known or not available to the public. In this context, "commonly known" means generally known within the relevant trade or industry at issue. That is, information contained in the emails that is generally known in the adhesive technology field cannot be a trade secret.

*Thomas v. Best Mfg. Corp., Division of Tillotson Corp.*, **234 Ga. 787, 790 (1975)**

## DR. QUINN'S REQUEST TO CHARGE NO. 7

To find that Dr. Quinn misappropriated the emails, you must find that Dr. Quinn knew or had reason to know that he had acquired the emails through improper means. "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use, or espionage through electronic or other means. If you determine that Dr. Quinn learned or knew of the alleged trade secret during the time he was a consultant with Chemence, then this would not be improper means. So for example, if a person while working for a company learns information, like the name of a customer, it is not improper means for that person to leave the company remembering the name of that customer.

**O.C.G.A. § 10-1-761(1), (2).**

***Putters v. Rmax Operating, LLC*, No. 1:13-CV-3382-TWT, 2014 WL 1466902 at \*3 (N.D. Ga. Apr. 15, 2014).**

## DR. QUINN'S REQUEST TO CHARGE NO. 8

I charge you that Dr. Quinn did not breach his confidentiality agreement with Chemence with regard to the forty-one emails.

Dr. Quinn had a lawful right to take with him from Chemence all the skill he had acquired, all the knowledge he had obtained, and all the information that he has received while working as a consultant of Chemence. Mere knowledge of the information received is not the taking of a trade secret.

To preclude Dr. Quinn from using his personal knowledge gained at Chemence, Chemence required Dr. Quinn to sign the Confidentiality Agreement as part of the Consulting Agreement. However, there is no evidence that Dr. Quinn violated the confidentiality agreement.


**Summary Judgment Order, [Doc. 497], p. 22.**

*Avnet, Inc. v. Wyle Laboratories, Inc.*, 263 Ga. 615, 618, 620 (1993)

## DR. QUINN'S REQUEST TO CHARGE NO. 9

I charge you that this Court has found that there is no evidence that Dr. Quinn disclosed any information from the 41 emails or that Dr. Quinn used the 41 emails in any way that relates to the Georgia Trade Secret Act.

**Court Order of August 5th, 2015 [Doc. 497], p. 22**

## DR. QUINN'S REQUEST TO CHARGE NO. 10

The Georgia Trade Secrets Act forbids the improper acquisition, disclosure, and use of a trade secret. There is no evidence that Dr. Quinn improperly used any of the information contained in the e-mails. There is no evidence that Dr. Quinn improperly disclosed any information contained in any of those e-mails. In the main, then, Chemence's trade-secret claim is based on its contention that, when Dr. Quinn forwarded the e-mails to himself, he thereby improperly acquired a trade secret of Chemence.

At the time Dr. Quinn forwarded the e-mails, Dr. Quinn had a password supplied by Chemence to access his email account at Chemence. There is no evidence that Chemence imposed any conditions on Dr. Quinn's use of his account after Dr. Quinn resigned. On the other hand, it is for you to determine whether he was authorized to access the email account under all the circumstances. If he was authorized, either constructively or actually, to access the email account then merely forwarding the forty-one emails to himself would not be an improper acquisition of the emails.

There is no evidence that Dr. Quinn violated any written Chemence policy or directive.

18

Summary Judgment Order, [Doc. 497], p. 22.

*Arizant Holdings Inc. v. Gust*, 668 F. Supp. 2d 1194, 1203-1204 (D. Minn. 2009)

## DR. QUINN'S REQUEST TO CHARGE NO. 11

In an action alleging misappropriation of trade secrets, if the claim of misappropriation is made in bad faith or willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party.

So, if you find the claim of misappropriation of a trade secret was made in bad faith by the Chemence parties, you may award Dr. Quinn reasonable attorney fees for defending against the claim of misappropriation.

**O.C.G.A. § 10-1-764**

# BREACH OF CONTRACT CHARGES

## DR. QUINN'S REQUEST TO CHARGE NO. 12

A contract is an agreement between two or more parties for the doing or not doing of some specified thing.

O.C.G.A. §13-1-1

**Georgia Suggested Pattern Jury Instructions - Civil 16.010 – Contracts; Definition (5th ed. 2015)**

## DR. QUINN'S REQUEST TO CHARGE NO. 13

"Georgia law requires four foundational elements for the formation of a valid oral contract: (1) parties able to contract, (2) consideration, (3) definite subject matter, and (4) the assent of the parties to the terms of the contract."

"In determining if parties had the mutual assent or meeting of the minds necessary to reach agreement, courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent."

"[T]he circumstances surrounding the making of the oral contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to agreement, and jurors are free to consider such extrinsic evidence."


*APAC-Southeast, Inc. v. Coastal Caisson Corp.*, **514 F.Supp.2d 1373, 1380 (N.D. Ga. 2007) (first paragraph)**

*Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.*, **250 Ga. 391, 395, 297 S.E.2d 733 (1982) (second and third paragraphs)**

## DR. QUINN'S REQUEST TO CHARGE NO. 14

A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty. To be binding, a contract must include a manifestation of mutual assent to the terms and conditions of the contract. This is referred to as the "meeting of the minds." There must be a meeting of the minds; there can be no contract if only one party intends to be bound.

Because intent, including intent to be bound, is seldom susceptible to direct proof as it relates to a person's state of mind, the law presumes that a person intends the natural and probable consequences of that person's acts. The meeting of the minds or the mutual manifestation of intent may be made wholly or partly by written or spoken words or by other acts or conduct, and an internal or unexpressed intention not to be bound is ineffective.

In determining whether there was any contract, you must decide whether or not there was a meeting of the minds between the parties with respect to the terms of the alleged oral agreement and a present intention to be bound.

**3 Fed. Jury Prac. & Instr. § 126:01 (6th ed.)**

## DR. QUINN'S REQUEST TO CHARGE NO. 15

To constitute a lawful contract, there must be parties able to contract, a consideration for the contract, the agreement of the parties to the terms of the contract, and a lawful subject matter.

O.C.G.A. §13-3-1

A consideration is valid if any person who promised is entitled to a benefit or any harm is done to one who receives the promise.

Considerations are distinguished as good and valuable. A good consideration is founded on natural duty and affection or on a strong moral obligation. A valuable consideration is founded on money or something convertible into money or has a value in money.

O.C.G.A. §§13-3-41, 13-3-42

**Georgia Suggested Pattern Jury Instructions - Civil 16.020 – Contracts; Essentials (5th ed. 2015) (irrelevant sentence omitted)**

## DR. QUINN'S REQUEST TO CHARGE NO. 16

Dr. Quinn contends that he is entitled to a commission on the sales of several products manufactured by Chemence Medical and/or Chemence, Inc. The Court has found, as a matter of law, that Dr. Quinn is entitled to commissions (if triggered by product sales) for work performed during the effective dates of the Consulting Agreement. I charge you that if Dr. Quinn proves to your satisfaction that he performed work during the effective dates of the Consulting Agreement, or a subsequent oral agreement, which work would entitle him to commissions under the terms of that agreement, it is not necessary that any commissionable sales themselves actually occurred during the term of the Consulting Agreement. Dr. Quinn would be entitled to commissions on sales that occurred after the term of the Consulting Agreement based on the work he performed during its term or any renewal of the term through an oral agreement.

**Summary Judgment Order, [Doc. 497], pp. 37-38.**

## DR. QUINN'S REQUEST TO CHARGE NO. 17

Dr. Quinn contends that he and Chemence Medical entered into an oral agreement to continue operating under the terms of the Consulting Agreement after its initial expiration date. It is for you to determine the existence and terms of this alleged oral contract.

Such an oral contract would be enforceable unless the contract is required by law to be in writing. This law is called the Statute of Frauds.

I charge you that an oral consulting contract of indefinite duration is not prohibited by the Statute of Frauds and is, thus, legally enforceable.

Therefore, to make the consultancy agreement between Chemence and Dr. Quinn binding on Chemence, the agreement was not required to be in writing and did not need to be signed by Chemence or its attorney.

**Summary Judgment Order, [Doc. 497], pp. 34-37.**

**O.C.G.A. § 13-5-30**

***Parker v. Crider Poultry, Inc.*, 565 S.E.2d 797, 798-99 (Ga. 2002)**

***Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 840 (1984)**

## DR. QUINN'S REQUEST TO CHARGE NO. 18

Even if the law otherwise requires that a contract be in writing, an oral contract may nonetheless be enforced in the following cases:

"(1) When the contract has been fully executed;

(2) Where there has been performance on one side, accepted by the other in accordance with the contract;

(3) Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance."

**O.C.G.A. § 13-5-31**

## DR. QUINN'S REQUEST TO CHARGE NO. 19

"[P]erformance, whether in part or in full, relieves even an oral contract from the operation of the Statute of Frauds. And part performance will satisfy the requisites both of mutuality and of the Statute of Frauds."

***Cooper v. G.E. Const. Co.*, 116 Ga. App. 609, 694 (1967) (citation omitted)**

## DR. QUINN'S REQUEST TO CHARGE NO. 20

The Court has found that the Consulting Agreement between Chemence Medical and Dr. Quinn is ambiguous as to the duration that commission payments are owed to Dr. Quinn on the sale of commissionable products.

Evidence outside the face of the contract itself, offered to show the intent of the parties to contract, is called "parol evidence." You may consider parol evidence as to any ambiguous term of the Consulting Agreement and any other agreement you find to have existed between Dr. Quinn and Chemence Medical or Chemence, Inc. "Parol evidence" means oral evidence from witnesses as to the meaning and intent of the contract or documentary evidence (outside of the contract itself) that casts light on meaning and intent of the contract.

**Summary Judgment Order, [Doc. 497], pp. 38-42.**

***Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438, 439-440 (1982)**

## DR. QUINN'S REQUEST TO CHARGE NO. 21

I charge you that where the contract is not so indefinite as to impart no meaning at all, parol evidence is admissible to explain ambiguities, and show the intent of the parties.

"A contract which is originally and inherently too indefinite may later acquire precision and become enforceable by virtue of the subsequent acts, words, or conduct of the parties. Thus, the objection of indefiniteness may be overcome by performance and acceptance of performance."

"A contract will not be held unenforceable for indefiniteness because its performance is, as to particular details, left open to subsequent agreement of the parties."

*Holland v. Holland Heating & Air Conditioning, Inc.*, **208 Ga. App. 794, 795, 432 S.E.2d 238 (1993)**

## DR. QUINN'S REQUEST TO CHARGE NO. 22

There can be an implied provision in an oral contract to pay reasonable commissions.

*Charlotte Aircraft Corp. v. Braniff Airways, Inc.*, **497 F.2d 1016, 1017 (5th Cir. 1974).**

## DR. QUINN'S REQUEST TO CHARGE NO. 23

I charge you that parties may orally agree to a renewal of an agreement even if the parties contemplate a future execution of a renewal through a written agreement.

*General Hospital of Humana, Inc. v. Jenkins*, 188 Ga. App. 825, 827 (1988)

## DR. QUINN'S REQUEST TO CHARGE NO. 24

"'[T]he fact that the parties continue to deal under some sort of informal arrangement does not, without more, mean that all the terms of the expired formal contract continue to apply.'  However, the parties' actions could create an implied contract under which 'their rights and obligations should continue to be measured as provided in the old contract.'"

***Astral Health & Beauty, Inc. v. Aloette of Mid-Mississippi, Inc.*, 895 F. Supp 2d 1280, 1282-83 (N.D. Ga. 2012) (citations omitted).**

## DR. QUINN'S REQUEST TO CHARGE NO. 25

"[T]he policy of the law is against the destruction of contracts on the ground of uncertainty if it is possible in the light of the circumstances under which the contract was made to determine the reasonable intention of the parties. The meaning ascribed to technical or business terms used in such contracts may be supplied by parol" evidence.

*Touche Ross & Co. v. DASD Corp.*, **162 Ga. App. 438, 439-40 (1982) (citation omitted).**

## REQUEST TO CHARGE NUMBER 26

"A person who has been previously employed by a written contract to perform services and who is permitted to continue under the agreement after the duration of the original agreement has expired, will, in the absence of anything to show a contrary intention, be presumed to be employed upon the same terms."

"Such a presumed renovation of the contract from the period at which the former expired is held to arise from implied consent of the parties, and in consequence of their not having signified their intention that the agreement should terminate at the period stipulated."

*Empire Box, Inc. v. Moore*, **87 Ga. App. 57, 66-67, 73 S.E.2d 63 (1952)**

## DR. QUINN'S REQUEST TO CHARGE NO. 27

"Assent to the terms of an agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely."


***Blitch Ford, Inc. v. MIC Property and Cas. Ins. Corp.*, 981 F.Supp. 1475, 1480 (M.D. Ga. 1997).**

## DR. QUINN'S REQUEST TO CHARGE NO. 28

Damages are given as compensation for injury sustained.

Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from the breach and such as the parties contemplated when the contract was made.

O.C.G.A. §§13-6-1, 13-6-2, 13-6-7

**Georgia Suggested Pattern Jury Instructions - Civil 18.010 – Contract Damages (5th ed. 2015) (modified)**

## DR. QUINN'S REQUEST TO CHARGE NO. 29

If you find the [Chemence parties] breached the contract, then you must determine the amount of [Dr. Quinn's] damages. You must place [Dr. Quinn] in the same position as if the contract had not been breached. [Dr. Quinn] may recover those damages naturally arising from the breach of a contract.

**3 Fed. Jury Prac. & Instr. § 126:07 (6th ed.)**

## DR. QUINN'S REQUEST TO CHARGE NO. 30

The amount of damages at the date of breach of contract may be increased by the addition of legal interest from that time until the time of recovery.

All liquidated demands, whether by agreement or otherwise the sum to be paid is fixed and certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they bear interest from the time of the demand. In case of promissory notes payable on demand, the law presumes a demand instantly and gives interest from date.

O.C.G.A. §§13-6-13, 7-4-15

**Georgia Suggested Pattern Jury Instructions - Civil 18.040 – Contract Damages; Interest (5th ed. 2015)**

## DR. QUINN'S REQUEST TO CHARGE NO. 31

"In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery."

**O.C.G.A. § 13-6-13**

## DR. QUINN'S REQUEST TO CHARGE NO. 32

The legal rate of interest, unless otherwise set by written contract, is 7% per year. The Consulting Agreement between Chemence Medical and Dr. Quinn sets a rate of interest on unpaid commissions at 1% per month from the time that payment was due. If you award Dr. Quinn commissions under the Consulting Agreement and/or under an oral agreement that incorporated its terms, you should award interest to him at the contractual rate of 1% per month. If you award damages to Dr. Quinn under another non-contractual theory, then you may award him interest at the legal rate of 7% per year.


**O.C.G.A. §§ 7-4-2; 13-6-13**

**Consulting Agreement, p. 3, ¶ 3.4 [Doc. 7-1]**

## DR. QUINN'S REQUEST TO CHARGE NO. 33

The expenses of litigation are not generally allowed as a part of the damages. But, if the [party] has acted in bad faith or has been stubbornly litigious or has caused the [party] unnecessary trouble and expense, you may allow them. You should determine from the evidence the attorney's fees (or other expense), if any, as will be allowed.

O.C.G.A. 13-6-11


**Georgia Suggested Pattern Jury Instructions - Civil 18.020 – Contract Damages; Attorney's Fees (Expenses of Litigation) (5th ed. 2015) (modified)**

# QUANTUM MERUIT CHARGES

## DR. QUINN'S REQUEST TO CHARGE NO. 34

Ordinarily, when one renders services or transfers property valuable to another that the other accepts, a promise is implied to pay the reasonable value of the services or property.

O.C.G.A. §9-2-7

If you find that Dr. Quinn, without a contract written or oral, nonetheless rendered services for Chemence which Chemence accepted, then a promise would be implied that Chemence would pay Dr. Quinn the reasonable value of these services.

**Georgia Suggested Pattern Jury Instructions - Civil 16.710 – Contracts; Quantum Meruit; Statutory Provision (5th ed. 2015) (inapplicable portion in parentheses omitted) (second paragraph added)**

**Georgia Suggested Pattern Jury Instructions - Civil 30.010 – Implied Obligations; Generally (5th ed. 2015)**

## DR. QUINN'S REQUEST TO CHARGE NO. 35

When one person performs useful services for another with the other's knowledge for which a charge is usually made, and the other expresses no objection or accepts the service, then a promise to pay the reasonable value of the service is implied.

*Mitcham v. Singleton,* 50 Ga. App. 457 (1935)

*Conway v. Housing Authority,* 102 Ga. App. 333, 335 (1960)

*Puritan Mills Inc. v. Pickering,* 152 Ga. App. 309, 310 (1979)

**Georgia Suggested Pattern Jury Instructions - Civil 30.010 – Implied Obligations; Usual Practice (5th ed. 2015)**

## DR. QUINN'S REQUEST TO CHARGE NO. 36

I charge you that under the doctrine of Quantum meruit, when Dr. Quinn rendered consulting services valuable to Chemence, which Chemence accepted, a promise was implied to pay their reasonable value.

*Quantum meruit*, meaning "as much as a person deserves," is an action for work and labor founded on an implied promise on the part of the defendant to pay the plaintiff as much as is reasonably deserved for labor performed. It refers to obligations imposed by law without regard to intention or assent of the parties dictated by reason and justice.

The amount of recovery is determined by the jury based upon the reasonable value of the consulting services rendered to Chemence in spite of the absence of a specific agreement as to value.

 In order for Dr. Quinn to recover under quantum meruit, Dr. Quinn showed that he had such a relationship with Chemence as to authorize Dr. Quinn to render the consulting services, that valuable services were rendered, that such services were accepted, that they benefited Chemence, and that they had a reasonable value. The value of the services must be proven by a preponderance of the evidence.

**Georgia Suggested Pattern Jury Instructions - Civil 16.720 – Contracts; Quantum Meruit; Definition (5th ed. 2015) (second paragraph only) (modified by adding first, third, and fourth paragraphs)**

**O.C.G.A § 9-2-7**

***Davis v. Glennville Haldi, P.C.*, 148 Ga. App. 842 (1979)**

***Parker and Company, Inc. v. Glenn*, 90 Ga. App. 500, 506 (1954)**

## DR. QUINN'S REQUEST TO CHARGE NO. 37

The amount of recovery [for the implied promise] is determined by the jury based upon the reasonable value of the services rendered to the opposite party despite of the absence of a specific agreement as to value.

So if you find Dr. Quinn did not have an oral agreement to renew or continue working under the original written agreement, you may nonetheless find, if you so determine from the evidence, that Dr. Quinn was the recipient of an implied promise to pay him, even in the absence of a specific agreement as to the value of his services.

**Georgia Suggested Pattern Jury Instructions - Civil 16.730 – Contracts; Quantum Meruit; Amount of Recovery (5th ed. 2015) (modified) (second paragraph added)**

## DR. QUINN'S REQUEST TO CHARGE NO. 38

When an express contract between the parties exists, then the value of such services and other terms will be set by [the contract], and the plaintiff would not be authorized to recover on *quantum meruit*, unless you find that the plaintiff performed services not contemplated by the parties in the original written contract.

*Venture Construction Company v. Great American Mortgage Investors,* 134 Ga. App. 440, 444 (1975)

*Rushing v. Jones,* 68 Ga. App. 300 (1942)


**Georgia Suggested Pattern Jury Instructions - Civil 16.740 – Contracts; Quantum Meruit; Not Applicable Where Express Contract Exists (5th ed. 2015) (inapplicable paragraph omitted) (modified)**

## DR. QUINN'S REQUEST TO CHARGE NO. 39

In order for [Dr. Quinn] to recover [under the implied contract], [he] must show that he[] had such a relationship with the defendant as to authorize the Dr. Quinn to render the services alleged, that valuable services were rendered, that such services were accepted, that they benefited the defendant, and that they had a reasonable value. The value of the services must be proved by a preponderance of the evidence.

*Davis v. Glenville Haldi, P.C.,* 148 Ga. App. 842 (1979)

*Parker and Company Inc. v. Glenn,* 90 Ga. App. 500, 506 (1954)

**Georgia Suggested Pattern Jury Instructions - Civil 16.750 – Contracts; Quantum Meruit; Essential Requisites for Recovery (5th ed. 2015) (modified)**

# UNJUST ENRICHMENT CHARGE

## DR. QUINN'S REQUEST TO CHARGE NO. 40

Dr. Quinn alternatively contends that he is entitled to recover under the doctrine of Unjust Enrichment if you find that no oral or implied contract existed between him and Chemence after the expiration of the Consulting Agreement.

The Unjust Enrichment doctrine provides: "Even if no express or implied contract arose between the parties, an obligation to pay arises upon the theory of unjust enrichment where a benefit has been conferred upon the party sought to be held liable for the value, which is analogous to quantum meruit in that the duty to pay arises out of the receipt of a benefit. A party cannot receive and retain the benefit of another's labor without the duty to pay for the reasonable value of such work."

*Yoh v. Daniel*, **230 Ga. App. 640, 642 (1998).**

# PROMISSORY ESTOPPEL CHARGES

## DR. QUINN'S REQUEST TO CHARGE NO. 41

Dr. Quinn also alternatively contends that he is entitled to recover under the doctrine of promissory estoppel, which provides:

"A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee [like Dr. Quinn] or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

**O.C.G.A. § 13-3-44(a).**

## DR. QUINN'S REQUEST TO CHARGE NO. 42

To recover under the doctrine of promissory estoppel, Dr. Quinn must prove the following: (1) one or both of the Chemence entities "made a promise or promises; (2) [the Chemence entities] should have reasonably expected [Dr. Quinn] to rely on such promise; (3) [Dr. Quinn] relied on such promise to [his] detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, [Dr. Quinn] changed [his] position to [his] detriment by surrendering, forgoing, or rendering a valuable right."

*McReynolds v. Prudential Ins. Co.*, 276 Ga. App. 747, 749 (2005)

# ALTER EGO CHARGES

## DR. QUINN'S REQUEST TO CHARGE NO. 43

Dr. Quinn seeks to pierce the corporate veil in order to hold Chemence, Inc. jointly liable for any commissions or other liability owed by Chemence Medical Products, Inc. to Dr. Quinn.

"The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended [its] privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility."

The contention of Dr. Quinn is that Chemence, Inc. and Chemence Medical Products, Inc. are really one in the same company and that it would defeat justice to treat them separately in their dealings with Dr. Quinn.

*Amason v. Whitehead*, **186 Ga. App. 320, 321 (1988) (internal quotation marks omitted)**

## DR. QUINN'S REQUEST TO CHARGE NO. 44

Dr. Quinn contends that he is entitled to pierce the corporate veil because Chemence, Inc. is an alter ego of Chemence Medical. To prevail on this contention, Dr. Quinn "must show that the [Chemence companies] disregarded the separateness of legal entities by commingling … or by confusing otherwise separate properties, records or control, or by showing that a disregard of the corporate entity made [Chemence Medical] a mere instrumentality for the transaction of [Chemence Inc.'s] own affairs and that there is such unity of interest and ownership that the separate personalities of the corporations no longer exist [separately]. The evidence must be such that to adhere to the doctrine of separate corporate entities would promote injustice or protect fraud."

*GTAS Asset Solutions, LLC v. African Methodist Episcopal Church, Inc*., No. **1:11-CV-1148-RWS, 2012 WL 3637452, at \*12 (N.D. Ga. Aug. 22, 2012) (quoting** *NEC Techs., Inc. v. Nelson*, **478 S.E.2d 769, 775 (Ga. 1996))**

## DR. QUINN'S REQUEST TO CHARGE NO. 45

Evidence sufficient to justify piercing the corporate veil under an alter ego theory includes "commingling [funds] on an interchangeable or joint basis or confusing the otherwise separate properties, records, or control."

***RMS Titanic, Inc. v. Zaller***, **978 F. Supp. 2d 1275, 1291 (N.D. Ga. 2013) (alteration in original)**

## DR. QUINN'S REQUEST TO CHARGE NO. 46

Factors that you may consider in determining whether the Chemence entities are mere alter egos of one another include, but are not limited to, the following:

1. Whether there has been commingling of finances;

2. Whether there has been siphoning off funds from one corporation to pay for the other's expenses;

3. Whether unsecured, interest free loans have been made between the corporations;

4. Whether failure to disregard the distinction between the corporations would present an element of injustice or fundamental unfairness;

5. Whether one corporation controls the other;

6. Whether there has been disregard of corporate formalities; and

7. The nature of the relationship between the two entities, and the circumstances giving rise to the debt.

*Manhattan Const. Co. v. K & E Const. Co., Inc*., **1988 WL 150690 at \*7–8 (N.D. Ga. Dec.12, 1988)**

## DR. QUINN'S REQUEST TO CHARGE NO. 47

If you find that Chemence Medical Products, Inc. and Chemence, Inc., acted interchangeably in dealing with Dr. Quinn, you may find that Chemence, Inc. is liable to the same extent as Chemence Medical Products, Inc. for breach of the Consulting Agreement and any subsequent contract Chemence Medical Products, Inc. entered into with Dr. Quinn.

**Summary Judgment Order, [Doc. 497], pp. 49-51.**

# AGENCY CHARGES

## DR. QUINN'S REQUEST TO CHARGE NO. 48

The relationship of principal and agent arises whenever one person—the principal—expressly or implicitly authorizes another—the agent—to act for the principal or later approves the acts of another performed on the principal's behalf.

A business entity such as a corporation, like Chemence, Inc. and Chemence Medical Products, Inc., is regarded as a person in this instance.

O.C.G.A. §10-6-1

O.C.G.A. 1-3-3(14)

*National Bank of Athens v. Burt*, 98 Ga. 380 (1896)

**Georgia Suggested Pattern Jury Instructions - Civil 06.010 – Agency; Creation (5th ed. 2015)**

## DR. QUINN'S REQUEST TO CHARGE NO. 49

Before one can be bound by the acts of another who assumes representation of him/her, proof of agency must be shown.

Agency, as well as authority of an agent, may be established by proof of contract creating agency or by the principal's conduct and course of dealings.

If one should hold out another as one's agent and by one's course of dealings reasonably indicate that such person has certain authority, the one dealing with the agent would be protected to the extent of the authority reasonably deducible from the conduct of the parties.

You must determine the issue of agency in the light of all the facts and circumstances of the case.

*Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297 (1924) (*and other decisions cited to note "proof of agency" following O.C.G.A. §10-6-1)*

*Patterson v. Southern Railway Co.*, 41 Ga. App. 94 (1930) (*and other decisions cited to note "course of dealing" following O.C.G.A. §10-6-50)*

*Armour Fertilizer Works v. Abel*, 15 Ga. App. 275 (1914)

*Terry v. International Cotton Co.*, 138 Ga. 656 (1912)

*King v. Towns*, 102 Ga. App. 895 (1960)

**Georgia Suggested Pattern Jury Instructions - Civil 06.040 – Agency; Proof of (5th ed. 2015)**

## DR. QUINN'S REQUEST TO CHARGE NO. 50

One of the issues you must decide is whether [Chemence Medical] was bound by the actions of [Robert Wilson], who, it is claimed, was acting as the [Chemence Medical's] agent. In deciding this issue, you may consider whether [Chemence Medical] placed [Robert Wilson] in such a situation that a person of ordinary prudence familiar with business usage and the nature of the particular business would be justified in assuming this person had authority to perform a particular act and deals with the apparent agent upon that assumption. From these circumstances, if you find the [Dr. Quinn] was justified in assuming that [Robert Wilson] had the authority to act as [Robert Wilson] did, then you may find the [Chemence Medical] is bound by the acts of [Robert Wilson] as [Chemence Medical's] agent.

**3 Fed. Jury Prac. & Instr. § 108:03 (6th ed.)**

## DR. QUINN'S REQUEST TO CHARGE NO. 51

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**3 Fed. Jury Prac. & Instr. § 108:01 (6th ed.)**

## DR. QUINN'S REQUEST TO CHARGE NO. 52

When agency is sought to be proved by ratification, it must appear that the principal had full knowledge of all material facts in connection with the transaction in question and that, with that knowledge, he/she accepted or received the benefits of the allegedly unauthorized act.

*Kephart v. Gulf Refining Co.*, 59 Ga. App. 432(2) (1939)

*Griggs v. Dodson*, 223 Ga. 164, 171 (1967) (*See also citations to note "knowledge" following O.C.G.A. §10-6-52.*)

**Georgia Suggested Pattern Jury Instructions - Civil 06.070 – Agency; Ratification; Knowledge of Principal (5th ed. 2015)**

## DR. QUINN'S REQUEST TO CHARGE NO. 53

Notice given to an agent of a fact connected with the agency is notice given to the principal.

O.C.G.A. §10-6-58

**Georgia Suggested Pattern Jury Instructions - Civil 06.080 – Agency; Constructive Notice (5th ed. 2015)**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of **DR. QUINN'S REQUEST TO CHARGE** to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Robert Wilson, Esq.                 Joann B. Williams, Esq.
Michael J. Wilson, Esq.             Robin Love, Esq.
Wilson & Wilson Co. LPA            Meriwether & Tharp, LLC
16716 Chillicothe Road, Suite 100   11475 Great Oaks Way, Suite 125
Chagrin Falls, OH  44023-4529       Alpharetta, Georgia 30022


Edward H. Wasmuth, Jr., Esq.        Benton J. Mathis, Jr., Esq.
SMITH, GAMBRELL & RUSSELL,          100 Galleria Parkway
LLP                                 Suite 1600
1230 Peachtree Street, N.E.         Atlanta, GA 30339
Promenade Two, Suite 3100
Atlanta, Georgia 30309-3592

This 4th day of January, 2016.


/s/ Derrick L. Bingham
Derrick L. Bingham
Georgia Bar No. 141217
Bingham@og-law.com

**Counsel for Dr. James Quinn**

**OWEN, GLEATON, EGAN,**
     **JONES & SWEENEY, LLP**
1180 Peachtree Street, N.E.
Suite 3000
Atlanta, GA  30309
T: (404) 688-2600
F: (404) 525-4347