# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTION

## 1.1 General Preliminary Instructions

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence.

But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Chemence Medical Products, Inc. and Chemence, Inc., claim the Defendant, James Quinn, misappropriated trade secrets on multiple occasions.  The Plaintiffs have asked for damages, costs, and attorneys' fees for Defendant's alleged misappropriation.  Defendant James Quinn denies the claims of the Plaintiffs and he claims Chemence Medical Products, Inc. owes him commissions on certain products under a written Consulting Agreement which ended on January 31, 2007 and an alleged oral agreement thereafter. Defendant further claims Chemence, Inc. should be jointly liable for the alleged commissions due from Chemence Medical Products, Inc. Plaintiffs deny the Defendant's claims.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,  )
INC., et al.,                                         )
                                                         )
                    Plaintiffs,                    )
                                                         )         CIVIL ACTION NO.
v.                                                    )
                                                         )         1:11-CV-1366-CAP
JAMES QUINN,                               )
                                                         )
                    Defendant.                 )

## 1.2 Burden of Proof

Plaintiffs, Chemence Medical Products, Inc. and Chemence, Inc., have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs and the evidence favoring Defendant on opposite sides of balancing scales, the Plaintiffs need to make the scales tip to their side. If the Plaintiffs fail to meet this burden, you must find in favor of Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide

a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Defendant has also brought claims for relief against the Plaintiffs called counterclaims. On these claims, Defendant has the same burden of proof that the Plaintiffs have for their claims.

On certain issues, called "affirmative defenses," the Plaintiffs have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Plaintiffs must prove for any affirmative defense. After considering all the evidence, if you decide that the Plaintiffs have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case.

The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiffs will present their witnesses and ask them questions. After the Plaintiffs question the witness, Defendant may ask the witness questions – this is called "cross-examining" the witness. Then Defendant will present his

witnesses, and the Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question,

one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,  )
INC., et al.,                                           )
                                                             )
            Plaintiffs,                               )
                                                             )        CIVIL ACTION NO.
v.                                                          )
                                                             )        1:11-CV-1366-CAP
JAMES QUINN,                                    )
                                                             )
            Defendant.                             )

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,     )
INC., et al.,                                              )
                                                                  )
                 Plaintiffs,                            )
                                                                  )      CIVIL ACTION NO.
v.                                                             )
                                                                  )      1:11-CV-1366-CAP
JAMES QUINN,                                     )
                                                                  )
                 Defendant.                          )

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,       )
INC., et al.,                                               )
                                                                   )
              Plaintiffs,                                   )
                                                                   )        CIVIL ACTION NO.
v.                                                               )
                                                                   )        1:11-CV-1366-CAP
JAMES QUINN,                                          )
                                                                   )
              Defendant.                                 )

## 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## 2.5 Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I have accepted the following facts as being undisputed. Chemence Medical Products, Inc. and Quinn entered into a Consulting Agreement effective February 1, 2004. The Consulting Agreement expired by its own terms after three years on January 31, 2007. No new written agreement was entered into by the parties. Nevertheless, Quinn continued consulting services and Chemence Medical Products, Inc. continued paying him a monthly consulting fee. In April 2011, Quinn resigned his position with Chemence Medical Products, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## 2.6 Use of Interrogatories

You may hear answers that a party gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, the parties gave the answers in writing while under oath.

You must consider a party's answers to as though the party gave the answers on the witness stand.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## 3.1 Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its

employees that are made within the scope of their duties as employees of the company.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

### 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of Plaintiffs, Chemence Medical Products, Inc. and Chemence, Inc., to prove every essential part of their claims by a "preponderance of the evidence." Likewise, it is the responsibility of Defendant, James Quinn, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making the claim.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for Defendant as to that claim. Likewise, if the proof fails to establish any essential part of Defendant's claims by a preponderance of the evidence, you should find for the Plaintiffs as to that claim.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

In this case, the Plaintiffs assert the affirmative defenses of Defendant's claims are barred by the applicable statutes of frauds and limitations, Defendant's failure to mitigate damages, estoppel, release, laches, waiver and unclean hands. Plaintiffs allege they are entitled to a set-off and/or recoupment against Defendant. Also, Defendant's claims may be barred, in whole or in part, by his own acts or omissions, including acts of fraud and/or failing to provide requisite documents or information to Plaintiffs as required by law, and Defendant was not an intended beneficiary.

Even if Defendant proves his claims by a preponderance of the evidence, the Plaintiffs can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Plaintiffs do not have to disprove Defendant's claims, but if they raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,   )
INC., et al.,   )
  )
      Plaintiffs,   )
  )   CIVIL ACTION NO.
v.   )
  )   1:11-CV-1366-CAP
JAMES QUINN,   )
  )
      Defendant.   )

## Trade Secret; Defined

"Trade secret" means information, without regard to form, including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information:

(A) Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

O.C.G.A. § 10-1-761

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,  )
INC., et al.,                                          )
                                                              )
                     Plaintiffs,                       )
                                                              )          CIVIL ACTION NO.
v.                                                           )
                                                              )          1:11-CV-1366-CAP
JAMES QUINN,                                     )
                                                              )
                     Defendant.                       )

## Misappropriation of Trade Secrets; Defined

"Misappropriation" means either:

(A) Acquisition of a trade secret of another by a person who knows or has

reason to know that the trade secret was acquired by improper means; or

(B) Disclosure or use of a trade secret of another without express or implied

consent by a person who:

      (i) Used improper means to acquire knowledge of a trade secret;

      (ii) At the time of disclosure or use, knew or had reason to know that

      knowledge of the trade secret was:

            (I) Derived from or through a person who had utilized improper

            means to acquire it;

(II) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(III) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(iii) Before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

O.C.G.A. § 10-1-761

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## **Improper Means; Defined as to misappropriation of a trade secret**

"Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use, or espionage through electronic or other means.

O.C.G.A. § 10-1-761

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS, )
INC., et al., )
)
       Plaintiffs, )
)     CIVIL ACTION NO.
v. )
)     1:11-CV-1366-CAP
JAMES QUINN, )
)
       Defendant. )

## **Misappropriation of Trade Secret; Proof of claim**

A claim for trade secrets misappropriation requires proof by a preponderance of the evidence (1) the Plaintiffs had a trade secret(s) and (2) Quinn misappropriated the trade secret.

Circumstantial evidence may satisfy the burden to prove trade secret misappropriation.

Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed.

*Penalty Kick Mgmt. v. Coca Cola Co.*, 318 F.3d 1284, 1290-91 (11th Cir. 2003).
*Salsbury Labs, Inc., v. Merieux Labs., Inc*., 908 F.2d 706, 714 (11th Cir. 1990).
*Southern. Ry. Co. v. Georgia Kraft Co.*, 367 S.E.2d 539, 540, 359 (Ga. 1988).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,    )
INC., et al.,                                       )
                                                          )
            Plaintiffs,                           )
                                                          )            CIVIL ACTION NO.
v.                                                      )
                                                          )            1:11-CV-1366-CAP
JAMES QUINN,                                   )
                                                          )
            Defendant.                          )

## <u>Misappropriation of Trade Secret; Damages</u>

If the Plaintiffs prove by a preponderance of the evidence that Quinn

misappropriated a trade secret(s), the Plaintiffs are entitled to recover damages for

misappropriation. Damages can include both the actual loss caused by

misappropriation and the unjust enrichment caused by misappropriation that is not

taken into account in computing actual loss.

O.C.G.A. § 10-1-763

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,    )
INC., et al.,    )
    )
　　　　Plaintiffs,    )
    )    CIVIL ACTION NO.
v.    )
    )    1:11-CV-1366-CAP
JAMES QUINN,    )
    )
　　　　Defendant.    )

## **Misappropriation of Trade Secret; Unjust Enrichment**

Damages for misappropriation of trade secrets can include the unjust enrichment caused by misappropriation. The unjust enrichment doctrine provides that a party shall not be allowed to profit or enrich himself inequitably at another's expense. Damages for misappropriation of trade secrets are measured by the value of the secret to Quinn, and the Plaintiffs may be awarded damages for the cost of research, development, and marketing such trade secrets. The value of the information contained in misappropriated computer files may be used to calculate damages for unjust enrichment for misappropriation of trade secrets.

*White v. Arthur Enterprises, Inc.*, 219 Ga. App. 124, 464 S.E.2d 225, 225-226 (1995).
*Salsbury Labs., Inc. v. Merieux Labs., Inc.*, 908 F.2d 706, 714 (11th Cir. 1990).
O.C.G.A. § 10-1-763

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JAMES QUINN, | ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO.

1:11-CV-1366-CAP

## <u>Misappropriation of Trade Secret; Exemplary Damages</u>

If Quinn willfully and maliciously misappropriated trade secret(s), the Plaintiffs may be awarded exemplary damages in an amount not exceeding twice any award for misappropriation. "Exemplary damages" are additional damages awarded because of aggravating circumstances in order to penalize, punish, or deter a defendant.

O.C.G.A. § 10-1-763
O.C.G.A. § 51-12-5.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## <u>Misappropriation of Trade Secret; Attorneys' Fees</u>

If willful and malicious misappropriation of trade secret(s) exists, the Plaintiffs

may be awarded reasonable attorneys' fees.

O.C.G.A. § 10-1-764

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## <u>Matters Determined by the Court</u>

The court has determined that the Consulting Agreement expired on January 31, 2007, with no modification, and nothing in the agreement extended the time for Defendant to perform services upon which he would be owed commissions. Therefore, in order to be eligible for commissions based on work performed after January 31, 2007, Defendant must establish that a new agreement was formed for commissions.

Thus, entitlement to commissions for services performed after January 31, 2007, is wholly dependent on whether the jury finds the existence of a new agreement and the determination of the terms thereof.

Order, August 5, 2015, pp. 34-35, 37

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JAMES QUINN, | ) ) |
| Defendant. | ) |

CIVIL ACTION NO.

1:11-CV-1366-CAP

## **16.010 Contracts; Definition**

A contract is an agreement between two or more parties for the doing or not doing of some specified thing.

O.C.G.A. §13-1-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

### 16.020 Contracts; Essentials

To constitute a lawful contract, there must be parties able to contract, a consideration for the contract, the agreement of the parties to the terms of the contract, and a lawful subject matter.

O.C.G.A. §13-3-1

A consideration is valid if any person who promised is entitled to a benefit or any harm is done to one who receives the promise.

(Considerations are distinguished as good and valuable. A good consideration is founded on natural duty and affection or on a strong moral obligation. A valuable consideration is founded on money or something convertible into money or has a value in money.)

O.C.G.A. §§13-3-41, 13-3-42

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|                                            |     |                    |
|--------------------------------------------|-----|--------------------|
| CHEMENCE MEDICAL PRODUCTS, INC., et al.,   | )   |                    |
|                                            | )   |                    |
|                                            | )   |                    |
| Plaintiffs,                                | )   |                    |
|                                            | )   | CIVIL ACTION NO.   |
| v.                                         | )   |                    |
|                                            | )   | 1:11-CV-1366-CAP   |
| JAMES QUINN,                               | )   |                    |
|                                            | )   |                    |
| Defendant.                                 | )   |                    |

### 16.030 Contracts; Assent; Generally

The consent of the parties is essential to the validity or enforcement of a contract, and until both parties have agreed to all its terms, there is no contract. Until the contract is agreed to, a party may withdraw an offer or bid or proposition.

O.C.G.A. §13-3-2


"It is well established that no contract exists until all essential terms have been agreed to, and the failure to agree to even one essential term means that there is no agreement to be enforced." "[A] promise must be sufficiently definite as to both time and subject matter to be enforceable."

*Harmon v. Innomed Techs., Inc.*, 709 S.E.2d 888, 890 (Ga. Ct. App. 2011).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,       )
INC., et al.,                                     )
                                                        )
       Plaintiffs,                          )
                                                        )     CIVIL ACTION NO.
v.                                                     )
                                                        )     1:11-CV-1366-CAP
JAMES QUINN,                              )
                                                        )
       Defendant.                          )

## Oral Contracts; Assent

For oral contracts to be enforceable under Georgia law it must be shown that there was a meeting of the minds of the contracting parties—mutuality—as to every essential element of the oral agreement.

*Goldstein v. Kellwood*, 933 F.Supp. 1082 (N.D. Ga 1996).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## Statute of Frauds

Any agreement that is not to be performed within one year from the making thereof must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him/it. Noncompliance with the forgoing renders the contract unenforceable.

O.C.G.A. § 13-5-30(5).

*Werner Enters., Inc. v. Markel Am. Ins. Co.*, 448 F. Supp. 2d 1375, 1380 (N.D. Ga. 2006).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## <u>Statute of Limitations of an Oral Contract</u>

An action based on an oral contract must be brought within four years after the right of action accrues. A cause of action accrues when the claimant could have first maintained the action to a successful result. If the action is not brought within the prescribed period, the action is barred and the claimant cannot recover based on an oral contract.

O.C.G.A § 9-3-25
*Kueffer Crane & Hoist Serv., Inc. v. Passarella*, 543 S.E.2d 113, 116 (Ga. Ct. App. 2000)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,   )
INC., et al.,   )
   )
       Plaintiffs,   )
   )   CIVIL ACTION NO.
v.   )
   )   1:11-CV-1366-CAP
JAMES QUINN,   )
   )
       Defendant.   )

## **16.200 Contracts; Good Faith Performance, Duty of**

As a general rule, there is implied in every contract for work or services a duty to perform it skillfully and carefully. The law requires persons undertaking to perform services requiring skill the duty to use that reasonable degree of care, skill, and ability that would be used under similar conditions and circumstances by others of the same business or profession.

*Howell v. Ayers,* 129 Ga. App. 899 (1973)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,    )
INC., et al.,                 )
                              )
            Plaintiffs,       )
                              )    CIVIL ACTION NO.
v.                            )
                              )    1:11-CV-1366-CAP
JAMES QUINN,                  )
                              )
            Defendant.        )

## **18.010 Contract Damages**

Damages are given as compensation for injury sustained.

Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from the breach and such as the parties contemplated when the contract was made as the probable result of the breach.

O.C.G.A. §§13-6-1, 13-6-2, 13-6-7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,          )
INC., et al.,                       )
                                    )
            Plaintiffs,             )
                                    )          CIVIL ACTION NO.
v.                                  )
                                    )          1:11-CV-1366-CAP
JAMES QUINN,                        )
                                    )
            Defendant.              )

## Damages as a Result of Breach of Contract

Damages growing out of a breach of contract, in order to form a basis of recovery, must be such as could be traced solely to breach, be capable of exact computation, must have arisen according to the usual course of things, and be such as the parties contemplated as a probable result of such breach.

*Crawford & Assocs., Inc. v. Groves-Keen, Inc.*, 194 S.E.2d 499, 502 (Ga. Ct. App. 1972).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,          )
INC., et al.,                                            )
                                                               )
                    Plaintiffs,                         )
                                                               )        CIVIL ACTION NO.
v.                                                            )
                                                               )        1:11-CV-1366-CAP
JAMES QUINN,                                      )
                                                               )
                    Defendant.                         )

### 18.030 Contract Damages; Remote or Consequential

Remote or consequential damages are not allowed whenever they cannot be traced solely to the breach of the contract, unless they may be computed exactly, such as the profits that are the immediate fruit of the contract and are independent of any collateral enterprises entered into in contemplation of the contract.

O.C.G.A. §13-6-8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,       )
INC., et al.,                    )
                                 )
      Plaintiffs,            )
                                 )       CIVIL ACTION NO.
v.                               )
                                 )       1:11-CV-1366-CAP
JAMES QUINN,                     )
                                 )
      Defendant.             )

## __Duty to Lessen Damages__

Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence.

Where a claimant can avoid any increase in damages but fails to do so, such consequences are not the direct or natural consequence of the other party's wrong, since it is at the claimant's option to suffer them. In such cases, the claimant is not damaged by the other party's act, but by his own negligence or indifference to consequences and, therefore, cannot be awarded damages to the extent he fails to avoid such damages.

O.C.G.A § 13-6-5
*Wachovia Bank of Ga., N.A. v. Namik*, 620 S.E.2d 470, 474, 360 (Ga. Ct. App. 2005).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JAMES QUINN, | ) ) |
| Defendant. | ) |

CIVIL ACTION NO.

1:11-CV-1366-CAP

### 16.720 Contracts; *Quantum Meruit*; Definition

*Quantum meruit*, meaning "as much as a person deserves," is an action for work and labor founded on an implied promise on the part of the defendant to pay the plaintiff as much as is reasonably deserved for labor performed. It refers to obligations imposed by law without regard to intention or assent of the parties dictated by reason and justice.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## 16.730 Contracts; *Quantum Meruit*; Amount of Recovery

The amount of recovery is determined by the jury based upon the reasonable value of the services rendered to the opposite party despite of the absence of a specific agreement as to value.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHEMENCE MEDICAL PRODUCTS,** | **:** | **CIVIL ACTION FILE NO.** |
| **INC. and CHEMENCE, INC.** | **:** | **1:11-CV-1366-CAP** |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JAMES QUINN** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### *Quantum Meruit*; Contemplated Services

When an express contract between the parties exists, then the value of the

services and the other terms will be set by it, and the counterclaim-plaintiff will not

be authorized to recover on quantum meruit, unless you find that the counterclaim-

plaintiff performed services not contemplated by the parties in the express contract.

*Biederbeck v. Marbut*, 294 Ga. App. 799, 670 S.E.2d 483, 487 (2008).

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHEMENCE MEDICAL PRODUCTS,** | **:** | **CIVIL ACTION FILE NO.** |
| **INC. and CHEMENCE, INC.** | **:** | **1:11-CV-1366-CAP** |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JAMES QUINN** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### *Quantum Meruit*; Value of Services

Where quantum meruit is applicable, the provider of services may recover the reasonable value of the services provided, but the value is defined in terms of the value of the services to the recipient.

*Biederbeck v. Marbut*, 294 Ga. App. 799, 670 S.E.2d 483, 488 (2008).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) ) | |

<u>**Contracts; *Quantum Meruit*; Essential Requisites for Recovery**</u>

In order to recover under a quantum meruit theory, the counterclaim-plaintiff must show 1) his performance as agent of services valuable to the counterclaim-defendants; (2) either at the request of the counterclaim-defendants or knowingly accepted by the counterclaim-defendants; (3) counterclaim-defendants' receipt of which without compensating him would be unjust; and (4) he had an expectation of compensation at the time of the rendition of the services.

*Razavi v. Shackelford*, 580 S.E.2d 253, 256 (Ga. Ct. App. 2003).

Recovery in quantum meruit is not authorized when a claim is based on an express contract.

*Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*, 541 S.E.2d 699, 700 (Ga. Ct. App. 2000).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

### 06.010 Agency; Creation

The relationship of principal and agent arises whenever one person—the principal— expressly or implicitly authorizes another—the agent—to act for the principal or later approves the acts of another performed on the principal's behalf.

A business entity such as a corporation, like Chemence Medical Products, Inc. is regarded as a person in this instance.

O.C.G.A. §10-6-1

O.C.G.A. 1-3-3(14)

*National Bank of Athens v. Burt*, 98 Ga. 380 (1896)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,          )
INC., et al.,                       )
                                    )
          Plaintiffs,               )
                                    )          CIVIL ACTION NO.
v.                                  )
                                    )          1:11-CV-1366-CAP
JAMES QUINN,                        )
                                    )
          Defendant.                )

## 06.020 Agency; Responsibility of Principal; Extent

The principal shall be bound by all acts of an agent that are performed within the scope of the agent's authority. If the agent exceeds the authority given, the principal may not accept part of the agreement and reject the balance.

O.C.G.A. §10-6-51

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## 06.040 Agency; Proof of

Before one can be bound by the acts of another who assumes representation of him/her, proof of agency must be shown.

Agency, as well as authority of an agent, may be established by proof of contract creating agency or by the principal's conduct and course of dealings.

If one should hold out another as one's agent and by one's course of dealings reasonably indicate that such person has certain authority, the one dealing with the agent would be protected to the extent of the authority reasonably deducible from the conduct of the parties.

You must determine the issue of agency in the light of all the facts and circumstances of the case.

*Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297 (1924) (*and other decisions cited to note "proof of agency" following O.C.G.A. §10-6-1*)

*Patterson v. Southern Railway Co.*, 41 Ga. App. 94 (1930) (*and other decisions cited to note "course of dealing" following O.C.G.A. §10-6-50*)

*Armour Fertilizer Works v. Abel*, 15 Ga. App. 275 (1914)

*Terry v. International Cotton Co.*, 138 Ga. 656 (1912)

*King v. Towns*, 102 Ga. App. 895 (1960)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## Apparent Authority

"Agency may result where one party has apparent authority to affect the legal relations of another party by transactions with a third party, but it must be emphasized that apparent authority to do an act is created as to a third person when the statements or conduct of *the alleged principal* reasonably cause the third person to believe that the principal consents to have the act done on his behalf by the purported agent."

*Hinely v. Barrow*, 313 S.E.2d 739, 741 (Ga. Ct. App. 1984).

"Any apparent authority that might otherwise exist vanishes in the presence of the person's actual or constructive knowledge of what the agent is or is not empowered to do."

*Gosule v. Bestco, Inc.*, 490 S.E.2d 532, 534, 360 (Ga. Ct. App. 1997).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,    )
INC., et al.,    )
   )
       Plaintiffs,    )
   )    CIVIL ACTION NO.
v.    )
   )    1:11-CV-1366-CAP
JAMES QUINN,    )
   )
       Defendant.    )

## <u>Where both parties equally at fault; where fault is unequal</u>

When both parties are equally at fault, equity will not interfere but will leave them where it finds them. The rule is otherwise if the fault of one decidedly overbalances that of the other.

O.C.G.A. §23-1-15.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,        )
INC., et al.,                                              )
                                                               )
                    Plaintiffs,                          )
                                                               )          CIVIL ACTION NO.
v.                                                           )
                                                               )          1:11-CV-1366-CAP
JAMES QUINN,                                      )
                                                               )
                    Defendant.                         )

## **Waiver Defined**

The traditional definition of waiver is the intentional relinquishment of a known right.  A waiver may be established through acts, conduct or declarations.  A waiver operates to preclude a subsequent assertion of the right waived or any claim based thereon.

*Hathcock v. Hathcock*, 246 Ga. 233, 234 (271 S.E.2d 147) (1980); E. Allen [832] Farnsworth, Contracts 587 (1990).

*Hyre v. Denise*, 449 S.E.2d 120, 124 (Ga. Ct. App. 1994).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | 1:11-CV-1366-CAP |
| ) | |
| JAMES QUINN, ) | |
| ) | |
| Defendant. ) | |

## Unclean Hands

The unclean-hands doctrine refers to an inequity which infects the cause of action or claim so that to entertain it would violate the conscience or shock moral sensibilities. To assert the doctrine successfully, a party must demonstrate that the wrongdoing is directly related to the claim against which unclean hands is asserted. If proven by a preponderance of the evidence, the doctrine of unclean hands will bar the claiming party from receiving such equitable relief.


O.C.G.A § 23–1–10
*Matrix Fin. Servs., Inc. v. Dean*, 655 S.E.2d 290, 294 (Ga. Ct. App. 2007).
*West v. West*, 825 F. Supp. 1033, 1049 (N.D. Ga. 1992).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS, )
INC., et al.,                )
                             )
              Plaintiffs,    )
                             )        CIVIL ACTION NO.
v.                           )
                             )        1:11-CV-1366-CAP
JAMES QUINN,                 )
                             )
              Defendant.     )

## **<u>Laches</u>**

The doctrine of laches forbids relief to one whose long delay renders the

ascertainment of the truth difficult, though no legal limitation bars the right. The

doctrine of laches also authorizes an equitable bar, whenever, from the lapse of

time and laches of the complainant, it would be inequitable to allow a party to

enforce his legal rights.

*Goodwin v. First Baptist Church of Augusta*, 169 S.E.2d 334, 336 (Ga. 1969).
O.C.G.A § 9-3-3.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,    )
INC., et al.,    )
   )
      Plaintiffs,    )
   )    CIVIL ACTION NO.
v.    )
   )    1:11-CV-1366-CAP
JAMES QUINN,    )
   )
      Defendant.    )

## Disregarding a Corporate Entity

A corporation possesses a legal existence separate and apart from that of its officers and shareholders. As a general matter, a breach of contract claim may only be maintained against a party to the contract. Great caution should be exercised before equitable principles are used to disregard the legal entity of a corporation.

The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud or to evade contractual or tort responsibility. There must be evidence of abuse of the corporate form. The evidence must be such that to adhere to the doctrine of corporate entity would promote injustice or protect fraud.

One who deals with a corporation as such an entity cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable. The mere existence of some unspecified "affiliation" between companies is not sufficient to pierce the corporate veil.

To justify piercing the corporate veil, a party must show that the owner abused the corporate form by disregarding the separateness of legal entities by commingling funds on an interchangeable or joint basis or confusing the otherwise separate properties, records, or control. Allegations that multiple corporations have been operated as one business with common ownership, common management, common personnel, and with joint bank accounts and joint profit and loss statements, and that individuals were the sole officers, directors, and stockholders of the corporations would be factors to consider, but are not alone sufficient to establish that there is such unity of interest as between the corporations and the owner to treat them as one. A party seeking to pierce the corporate veil must be misled or cheated in some way due to an alleged abuse of the corporate form.

*Perry v. Unum Life Ins. Co. of Am.*, 353 F. Supp. 2d 1237, 1239 (N.D. Ga. 2005)
*Amason v. Whitehead*, 186 Ga.App. 320, 322, 367 S.E.2d 107, 108 (1988)
*Ishak v. Lanier Contractor's Supply Co.*, 561 S.E.2d 883, 885 (Ga. Ct. App. 2002)
*Garrett v. Women's Health Care of Gwinnett, P.C.*, 532 S.E.2d 164, 168 (Ga. Ct. App. 2000)
*Yukon Partners, Inc. v. Lodge Keeper Group, Inc.*, 572 S.E.2d 647, 651 (Ga. Ct. App. 2002).

*Dearth v. Collins*, 441 F.3d 931, 935 (11th Cir. 2006)

*Innotex Precision Ltd. v. Horei Image Prods., Inc.*, 679 F. Supp. 2d 1356, 1361 (N.D. Ga. 2009)

*Albee v. Krasnoff*, 566 S.E.2d 455, 460 (Ga. Ct. App. 2002)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## Third-Party Beneficiary Contracts

A third-party beneficiary contract is one in which the promisor engages to the promisee to render some performance to a third person. A third party has standing to enforce that type of contract if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient. To prove such intent, there must be a promise by the promisor to the promisee to render some performance to the third person, and it must appear that both the promisor and the promisee intended that the third person should be the beneficiary.

A third-party beneficiary has only those rights as granted to the parties under the contract and no greater. It must appear that both parties to the contract intended that the third person should be the beneficiary.

In determining whether a party may maintain an action to enforce a contract that he is not a party to, it is the intention of the contracting parties to benefit the party as a third party that will control.  An action cannot be maintained merely because a third person will be incidentally benefitted by the performance of the contract.

*Dominic v. Eurocar Classics*, 714 S.E.2d 388, 391, 360 (Ga. Ct. App. 2011).
*Bouboulis v. Scottsdale Ins. Co.*, 860 F. Supp. 2d 1364, 1373 (N.D. Ga. 2012)
*Donalson v. Coca-Cola Co.*, 298 S.E.2d 25, 27, 360 (Ga. Ct. App. 1982).
*Carolina Cas. Ins. Co. v. R.L. Brown & Assocs., Inc.*, No. Civ.A. 1:04-CV-3537-, 2006 WL 3625891, 4, 999 (N.D. Ga. Dec. 11, 2006)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## § 13-6-11. Recovery of Expenses of Litigation Generally

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

OCGA § 13-6-11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Award of Fees Given for Bad Faith</u>**

Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the breach of contract is predicated. Bad faith does not include an honest mistake as to one's rights or duties, but rather some interested or sinister motive.

*Magnolias Realty, LLC v. Bleakley*, 622 S.E.2d 481, 482–83 (Ga. Ct. App. 2005).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## Evidence to Support an Award of Fees

When bad faith is not an issue and the only asserted basis for a recovery of attorneys' fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not any evidence to support an award if a bona fide controversy clearly exists between the parties.

*Brown v. Baker*, 398 S.E.2d 797, 800 (Ga. Ct. App. 1990).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHEMENCE MEDICAL PRODUCTS,        )
INC., et al.,                     )
                                  )
            Plaintiffs,           )
                                  )        CIVIL ACTION NO.
v.                                )
                                  )        1:11-CV-1366-CAP
JAMES QUINN,                      )
                                  )
            Defendant.            )

## **Recovery of Expenses Under O.C.G.A . § 13-6-11**

Attorney fees for defending against an action are not available under

O.C.G.A .§ 13-6-11.

Expenses of litigation, including attorney fees, is limited to the amount of

attorney fees attributable solely to a prevailing claim.

*Easley v. Clement*, 376 S.E.2d 860, 861, 359 (Ga. 1989); *Singh v. Sterling United, Inc.*, 326 Ga.App. 504, 512-13 (2014).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>Recovery of Litigation Expenses Under O.C.G.A. § 13-6-11</u>

Defendant may only recover litigation expenses pursuant to O.C.G.A. § 13–6–11 when he has pled and been successful in prosecuting a counterclaim that is independent of the claims alleged by the Plaintiffs.

*nVision Global Tech. Solutions, Inc. v. Cardinal Health 5, LLC*, 887 F. Supp. 2d 1240, 1276 (N.D. Ga. 2012); also *Singh v. Sterling United, Inc.*, 326 Ga.App. 504, 513 (2014).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## Recovery of Attorney's Fees in a Defendant/Plaintiff-in-Counterclaim Under O.C.G.A. § 13-16-11

A defendant/plaintiff-in-counterclaim generally cannot recover attorneys' fees and expense pursuant to O.C.G.A. § 13-16-11.

*Sugarloaf Mills Ltd. P'ship of Ga. v. Record Town, Inc.*, 701 S.E.2d 881, 884 (Ga. Ct. App. 2010)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## **Recovery of Damages Where There is a Compulsory Counterclaim Under O.C.G.A. §13-6-11**

The award of expenses of litigation under OCGA § 13–6–11 can only be recovered by the plaintiff in an action under the language of the statute; therefore, the defendant and plaintiff-in-counterclaim cannot recover such damages where there is a compulsory counterclaim.

*Singh v. Sterling United, Inc.*, 326 Ga.App. 504, 513 (2014) (quoting *Sanders v. Brown*, 257 Ga.App. 566, 570(c) (2002))

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) ) | |

## Plaintiff-in-Counterclaim Conditions to Recover Attorney's Fees Under O.C.G.A. § 13-6-11

A plaintiff-in-counterclaim cannot recover attorney's fees under OCGA § 13-6-11 unless he asserts a counterclaim which is an independent claim that arose separately from or after the plaintiff's claim.

*Byers v. McGuire Props., Inc.*, 679 S.E.2d 1, 9 (Ga. 2009) (citing *Sanders*, 257 Ga.App. at 570(c)).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## Compulsory Counterclaim Defined

A compulsory counterclaim is any claim that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

*FRCP* 13(a)(1), O.C.G.A. § 9-11-13.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## No Attorney's Fees Concerning Compulsory Counterclaims Arising from the Same Agreement

Counterclaims arising from the same agreement are compulsory and, thus, outside the scope of O.C.G.A. § 13-6-11.

Counterclaimant cannot seek to recover attorney fees and litigation expenses under O.C.G.A. § 13–6–11 if the counterclaim arises out of the same contract upon which plaintiff based its claims.

*Sugarloaf Mills Ltd. P'ship of Ga. v. Record Town, Inc.*, 701 S.E.2d 881, 884 (Ga. Ct. App. 2010).  *Tri-State Consumer Ins. Co. v. LexisNexis Risk Solutions, Inc.*, 858 F. Supp. 2d 1359, 1375 (N.D. Ga. 2012).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## <u>Sufficiency of a Party's Testimony Concerning Legal Fees</u>

A party's testimony as to the approximate cost of legal fees is insufficient.

*Patton v. Turnage*, 580 S.E.2d 604, 608 (Ga. Ct. App. 2003) *Maree v. ROMAR Joint Venture,* 763 S.E.2d 899, 911 n. 18 (Ga. Ct. App. 2014).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:11-CV-1366-CAP |
| JAMES QUINN, | ) ) | |
| Defendant. | ) | |

## 3.8.2 Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHEMENCE MEDICAL PRODUCTS,  )
INC., et al.,                )
                             )
      Plaintiffs,           )
                             )      CIVIL ACTION NO.
v.                           )
                             )      1:11-CV-1366-CAP
JAMES QUINN,                 )
                             )
      Defendant.            )

## 3.9 Election of Foreperson Explanation of Verdict Forms

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict forms]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in

writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Respectfully submitted,

This 4th day of January, 2016.

/s/ Robert D. Wilson
Robert D. Wilson
Attorney for Plaintiffs
Georgia Bar No. 768891
16716 Chillicothe Road, Suite 100
Chagrin Falls, Ohio 44023-4529
Telephone:  440-708-0445
Facsimile:   440-708-0511
E-mail:  rdwilson@wwcolpa.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2016, the foregoing Plaintiffs' Proposed Jury Instructions was filed with the Clerk of Court using the CM/EFC system which will send notification of such filing to registered counsel electronically.

/s/  Robert D. Wilson
Robert D. Wilson