**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHEMENCE MEDICAL PRODUCTS, INC., CHEMENCE, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>JAMES QUINN,<br><br>  Defendant. | CIVIL ACTION NO.<br><br>1:11-CV-1366-CAP |

FILED IN CHAMBERS
U.S.D.C Atlanta

MAR 1 1 2016

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

## VERDICT

A. **Dr. Quinn's Claim**

   1. Is Dr. Quinn entitled to commissions for products under the written contract (exhibit Q 2) dated February 1, 2004?

      Yes __✓__   No _____

   2. Is Dr. Quinn entitled to receive commissions for products because of an oral contract between the parties in 2007 after the written contract expired?

      Yes __✓__   No _____

**Instruction**:

   If you answered "Yes" to Question Two, skip Question Three and go to the Instructions above Question Four. If you answered "No" to Question Two, proceed to Question Three.

3. If you find there was no oral contract for commissions after February 1, 2007, should Dr. Quinn receive money from Chemence Medical Products, Inc,. under a theory of unjust enrichment, quantum meruit, or promissory estoppel?

Yes _____   No _____

If so, how much? $_____

**Instruction:**

If you answered "No" to Question One and Question Two, skip Questions Four, Five, Six & Seven, and proceed to Question Eight. If you answered "Yes" to either Question One or Question Two (or both), proceed to Questions Four, Five, Six, and Seven.

4. Which of the products is Dr. Quinn entitled to a commission on sales: (check all that apply)

   _✓_ derma+flexQS (also known by the names Octylseal, Sure+Close II, and Octylbond);

   _✓_ derma+flex/sure+close;

   _✓_ Leukosan Adhesive;

   _✓_ the veterinary product ("GLUture");

   _✓_ the eyelash product (sold to Xtreme Lashes);

   _✓_ the consumer product.

5. If you found that Dr. Quinn is entitled to commissions for any of the products in Question Four, for how long is Dr. Quinn so entitled?

<u>Choose option (a) or (b)</u>

(a)     ✓ For the lesser of the commercial life of the product or the first ten years of the product's commercial life (Dr. Quinn's interpretation).

(b)     ____ For the lesser of the commercial life of the product or ten years from the date of the consulting agreement (Chemence Parties' interpretation).

6. If you answered "Yes" to either Question One OR Question Two (or both), then how much should be awarded to Dr. Quinn for the commissions?

$ 8,680,781

7. Should Chemence, Inc., be jointly liable with Chemence Medical Products, Inc., for contract damages under the theory of piercing the corporate veil?

Yes ✓   No ____

3

**Instruction:**

If you answered "No" to Question Seven, then proceed to Question Eight.

8. Should Chemence, Inc., pay damages to Dr. Quinn under a theory of unjust enrichment?

Yes _____   No _____

If so, how much? $_____

B. **The Chemence Parties' Claim of Misappropriation of Trade Secrets by Dr. Quinn**

9. Do you find that Dr. Quinn misappropriated trade secrets?

   Yes _____   No ✓

<u>Instruction</u>:

If you answered "Yes" to Question Nine, then proceed to Question Ten and skip Question Eleven. If you answered "No" to Question Nine, then skip Question Ten and proceed to Question Eleven.

10. If you found Dr. Quinn misappropriated trade secrets, was it willful and malicious?

    Yes _____   No _____

11. If you found that Dr. Quinn did not misappropriate trade secrets, did the Chemence Parties bring the claim in bad faith?

    Yes ✓   No _____

SO SAY WE ALL.

This 11 day of March, 2016.

_____
Foreperson